IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20474
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD WAYNE SAPP,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
(H-96-CR-22501)

_____

February 25, 1998

Before GARWOOD, DeMOSS and PARKER, Circuit Judges.[*]

PER CURIAM:

Ronald Wayne Sapp appeals his guilty plea conviction for being

a felon in possession of a firearm in violation of 18 U.S.C. §

922(g)(1). Sapp argues that the federal government cannot,

consistent with the Interstate Commerce Clause, the Tenth

Amendment, and in the wake of *United States v. Lopez*, 514 U.S. 549,

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

567-68 (1995), punish a felon's mere possession of a firearm that has traveled in interstate commerce at some unspecified time in the past because such possession lacks a sufficient nexus with interstate commerce.[1] Section 922(g)(1) has been upheld consistently as constitutional. *See United States v. Kuban*, 94 F.3d 971-973 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 716 (1997); *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996).

AFFIRMED

---

[1]Here, Sapp apparently never traveled interstate with the weapon and did not obtain it through interstate channels; his possession of it was in Texas in 1994 and 1995, and it apparently had been in Texas, owned by his father and subsequently his mother, continuously for more than forty years. At some unspecified time prior to Sapp's father's acquisition of the weapon (apparently in Texas)—which seems to have been before Sapp was born—it had been manufactured outside of Texas; no other connection or relation to interstate commerce is alleged or even suggested by the record.